UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 01-0230-CR-MOORE

MAGISTRATE JUDGE
O'SULLIVAN

31 USC 5316(a)(1)(A)
31 USC 5322(a)
18 USC 1001(a)(2)
18 USC 982

UNITED STATES OF AMERICA

v.

HURSHEL O. CYRUS

_____/

## INDICTMENT

The Grand Jury charges that:

## COUNT I

On or about March 6, 2001, while attempting to leave the United States, at Miami International Airport, in Miami-Dade County, in the Southern District of Florida, the defendant,

**HURSHEL O. CYRUS,**

did knowingly and willfully fail to file a report prescribed by the Secretary of the Treasury to be filed, that is, United States Customs Form 4790, Report of International Transportation of Currency or Monetary Instruments, when the defendant transported and was about to transport at one time monetary instruments of more than ten thousand dollars ($10,000.00) in United States currency, from a place within the United States, to a place outside thereof; in violation of Title 31, United States Code, Sections 5316(a)(1)(A) and 5322(a), and 31 Code of Federal Regulations, Section 103.23, and Title 18, United States Code, Section 2.

## COUNT II

On or about March 6, 2001, at Miami International Airport, Miami-Dade County, in the Southern District of Florida, the defendant,

## HURSHEL O. CYRUS,

in a matter within the jurisdiction of the United States Customs Service, an agency of the executive branch of the Government of the United States, did knowingly and willfully make a false, fictitious, and fraudulent representation as to a material fact, in that the defendant represented in a United States Customs Service Form 503-B that he was transporting from a place within the United States to a place outside the United States less than ten thousand dollars ($10,000.00) in United States currency, when in truth and in fact, and as the defendant then and there well knew, he was transporting in excess of ten thousand dollars ($10,000.00) in United States Currency; in violation of Title 18, United States Code, Sections 1001(a)(2) and 2.

2

## FORFEITURE

As a result of the offense alleged in Count I of this Indictment, the United States is entitled to forfeiture of, and the defendant, HURSHEL O. CYRUS, shall forfeit to the United States, any and all interest that he has in the property that was involved in said offense and all property traceable to such property, including, but not limited to, one hundred thirty seven thousand one hundred fifty-seven dollars ($137,157.00) in United States currency recovered from the defendant and his traveling companion on March 6, 2001; pursuant to Title 18, United States Code, Section 982.

A TRUE BILL

_____
FOREPERSON

_____
GUY A. LEWIS
UNITED STATES ATTORNEY

_____
BARBARA M. WRIGHT
ASSISTANT UNITED STATES ATTORNEY

3

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.** 01-0230 CR-MOORE

MAGISTRATE JUDGE
O'SULLIVAN

**UNITED STATES OF AMERICA**

v.

HURSHEL O. CYRUS

**CERTIFICATE OF TRIAL ATTORNEY**

**Superseding Case Information**:

**Court Division**: (Select One)

_x_ Miami ___ Key West
___ FTL ___ WPB ___ FTP

New Defendant(s)          Yes ___   No ___
Number of New Defendants   ___
Total number of counts     ___

I do hereby certify that:

1.   I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2.   I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3.   Interpreter:          (Yes or No) _No_
     List language and/or dialect _____

4.   This case will take _2_ days for the parties to try.

5.   Please check appropriate category and type of offense listed below:
     (Check only one)                                    (Check only one)

     I     0 to 5 days      _X_          Petty      _____
     II    6 to 10 days     _____        Minor      _____
     III   11 to 20 days    _____        Misdem.    _____
     IV    21 to 60 days    _____        Felony     _X_
     V     61 days and over _____

6.   Has this case been previously filed in this District Court? (Yes or No) _No_
If yes:
Judge: _____          Case No. _____
(Attach copy of dispositive order)

Has a complaint been filed in this matter? (Yes or No) _Yes_
If yes:
Magistrate Case No. _01-2376-DUBE_
Related Miscellaneous numbers: _____
Defendant(s) in federal custody as of _03/06/01_
Defendant(s) in state custody as of _____
Rule 20 from the _____          District of _____

Is this a potential death penalty case? (Yes or No) _No_

7.   Does this case originate from a matter pending in the U. S. Attorney's Office prior to April 1, 1999? ___ Yes _x_ No   If yes, was it pending in the Central Region? ___ Yes ___ No

8.   Did this case originate in the Narcotics Section, Miami? ___ Yes _x_ No

BARBARA M. WRIGHT
ASSISTANT UNITED STATES ATTORNEY
Court No. A5500536

*Penalty Sheet(s) attached

REV.6/27/00

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### PENALTY SHEET

01   0230   CR-MOORE

Defendant Name: HURSHEL O. CYRUS         Case No. _____ MAGISTRATE JUDGE
O'SULLIVAN

| | |
|---|---|
| **Count #: I** | |
| 31 USC 5316(a)(1)(A)/Failure to File U.S. Customs Currency Reporting Form | |
| *Max Penalty: 5 Years' Imprisonment | |
| | |
| **Count #: II** | |
| 18 USC 1001(a)(2)/False Statement | |
| *Max Penalty: 5 Years' Imprisonment | |
| | |
| **Count #:** | |
| | |
| *Max Penalty: | |
| | |
| **Count #:** | |
| | |
| *Max Penalty: | |
| | |
| **Count #:** | |
| | |
| *Max Penalty: | |
| | |
| **Count #:** | |
| | |
| *Max Penalty: | |

*Refers only to possible term of incarceration, does not include possible
fines, restitution, special assessments, parole terms, or forfeitures that

01    0230    CR-MOORE

No. _____

MAGISTRATE JUDGE
O'SULLIVAN

# UNITED STATES DISTRICT COURT

SOUTHERN _____ District of _____ FLORIDA _____

_____ Division

## THE UNITED STATES OF AMERICA

*vs.*

HURSHEL O. CYRUS

## INDICTMENT

In violation of   31 USC 5316(a)(1)(A)
                  31 USC 5322(a)
                  18 USC 1001(a)(2)
                  18 USC 982

A true bill.

_____
       FGJ 00-03 (MIA)           /Foreman

Filed in open court this _____ day,

of _____ A.D. _____

_____
                              Clerk

Bail, $ _____

kbnd.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

UNITED STATES OF AMERICA
      Plaintiff,

v.

#67033-004

APPEARANCE BOND: _____
CASE NO.: 01-2376-Dube
                       BANDSTRA

_Herschel    Cyrus,_    Defendant,

I, the undersigned defendant and I or we the undersigned sureties jointly and severally acknowledge that we and our personal representatives, jointly and severally, are bound to pay to the United States of America, the sum of $ 50,000 (10%)

FILED by ____ D.C.
MAG SEC
Nov 13, 200
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA.   MIAMI

**STANDARD CONDITIONS OF BOND**

The conditions of this bond are that the defendant:

    1. Shall appear before this court and at such other places as the defendant may be required to appear, in accordance with any and all orders and directions relating to the defendant's appearance in this case, including appearance for violation of a condition of the defendant's release as may be ordered or notified by this court or any other United States District Court to which the defendant may be held to answer or the cause transferred. The defendant is to abide by any judgment entered in such matter by surrendering to serve any sentence imposed and obeying any order or direction in connection with such judgment. This is a continuing bond, including any proceeding on appeal or review, which shall remain in full force and effect until such time as the court shall order otherwise.

    2. May not at any time, for any reason whatever, leave the Southern District of Florida or other District to which the case may be removed or transferred after he or she has appeared in such District pursuant to the conditions of this bond, without first obtaining written permission from the court, except that a defendant ordered removed or transferred to another district may travel to that district as required for court appearances and trial preparation upon written notice to the Clerk of this court or the court to which the case has been removed or transferred. The Southern District of Florida consists of the following counties: **Monroe, Dade, Broward, Palm Beach, Martin, St. Lucie, Indian River, Okeechobee, and Highlands**.

    3. May not change his or her present address as recorded on this bond without prior permission in writing from the court. The defendant's present address is:

175 SW 73rd Terrace
Margate, Fl 33068      (954) 724-9357

    4. Is required to appear in court at all times as required by notice given by the court or its clerk to the address on this bond or in open court or to the address as changed by permission from the court. The defendant is required to ascertain from the Clerk of Court or defense counsel the time and place of all scheduled proceedings on the case. In no event may a defendant assume that his or her case has been dismissed unless the court has entered an order of dismissal.

    5. Shall not commit any act in violation of state or federal laws

DISTRIBUTION: Defendant, Assistant U.S. Attorney, Counsel, Marshal, Pretrial Services

DEFENDANT: *Hutschel Cyrus*

CASE NO: *01-2376*

## SPECIAL CONDITIONS OF BOND

In addition to compliance with the previously stated conditions of bond, the defendant must comply with those special conditions checked below:

✓ a. Surrender all passports and travel documents to the Pretrial Services Office of the Court.

✓ b. Report to Pretrial Services as follows: *as directed .*

_____ c. Submit to random urine testing by Pretrial Services for the use of non-physician-prescribed substances prohibited by law.

_____ d. Maintain or actively seek full-time gainful employment.

_____ e. Maintain or begin an educational program.

_____ f. Avoid all contact with victims of or witnesses to the crimes charged.

_____ g. Refrain from possessing a firearm, destructive device or other dangerous weapon.

_____ h. Comply with the following curfew:_____

_____ i. No co-signatories may sell, mortgage, hypothecate or dispose of real property during pendency of this case.

✓ j. Comply with the following additional conditions of this bond:_____
*curfew 10pm to 6 am , electronic monitoring at defendant's expense .*

## PENALTIES AND SANCTIONS APPLICABLE TO DEFENDANT

Violation of any of the foregoing conditions of release may result in the immediate issuance of a warrant for the defendant's arrest, a revocation of release, an order of detention, as provided in 18 U.S.C. 3148, forfeiture of any bail posted, and a prosecution for contempt as provided in 18 U.S.C. 401 which could result in a possible term of imprisonment or a fine.

The commission of any offense while on pretrial release may result in an additional sentence upon conviction for such offense to a term of imprisonment of not more than ten years, if the offense is a felony; or a term of imprisonment of not more than one year, if the offense is a misdemeanor. This sentence shall be consecutive to any other sentence and must be imposed in addition to the sentence received for the offense itself.

Title 18 U.S.C. 1503 makes it a criminal offense punishable by up to five years of imprisonment and a $250,000 fine to intimidate or attempt to intimidate a witness, juror or officer of the court; 18 U.S.C. 1510 makes it a criminal offense punishable by up to five years of imprisonment and a $250,000 fine to obstruct a criminal investigation; 18 U.S.C. 1512 makes it a criminal offense punishable by up to ten years of imprisonment and a $250,000 fine to tamper with a witness, victim or informant; and 18 U.S.C. 1513 makes it a criminal offense punishable by up to ten years of imprisonment and a $250,000 fine to retaliate against a witness, victim or informant, or threaten to do so.

It is a criminal offense under 18 U.S.C. 3146, if after having been released, the defendant knowingly fails to appear as required by the conditions of release, or to surrender for the service of sentence pursuant to a court order. If the defendant was release in connection with a charge of, or while awaiting sentence, surrender for the service of a sentence, or appeal or certiorari after conviction, for:

(1) an offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years or more the defendant shall be fined not more than $250,000 or imprisoned for not more than ten years, or both;

(2) an offense punishable by imprisonment for a term of five years or more, but less than fifteen years, the defendant shall be fined not more than $250,000 or imprisoned for not more than five years, or both;

(3) any other felony, the defendant shall be fined not more than $250,000 or imprisoned not more than two years, or both;

(4) a misdemeanor, the defendant shall be fined not more than $100,000 or imprisoned not more than one year, or both.

A term of imprisonment imposed for failure to appear or surrender shall be consecutive to the sentence of imprisonment for any other offense. In addition, a failure to appear may result in the forfeiture of any bail posted, which means that the defendant will be obligated to pay the full amount of the bond, which may be enforced by all applicable laws of the United States.

DEFENDANT: _Hurshel Cyrus_

CASE NO: _01-23 76_

## PENALTIES AND SANCTIONS APPLICABLE TO SURETIES

Violation by the defendant of any of the foregoing conditions of release will result in an immediate obligation by the surety or sureties to pay the full amount of the bond. Forfeiture of the bond for any breach of one or more conditions may be declared by a judicial officer of any United States District Court having cognizance of the above entitled matter at the time of such breach, and if the bond is forfeited and the forfeiture is not set aside or remitted, judgement may be entered upon motion in such United States District Court against each surety jointly and severally for the amount of the bond, together with interest and costs, and execution may be issued and payment secured as provided by the Federal Rules of Criminal Procedure and other laws of the United States.

## SIGNATURES

I have carefully read and I understand this entire appearance bond consisting of three (3) pages, or it has been read to me, and, if necessary, translated into my native language, and I know that I am obligated by law to comply with all of the terms of this bond. I promise to obey all conditions of this bond, to appear in court as required, and to surrender for service of any sentence imposed. I am aware of the penalties and sanctions outlined in this bond for violations of the terms of the bond.

If I am an agent acting for or on behalf of a corporate surety, I further represent that I am a duly authorized agent for the corporate surety and have full power to execute this bond in the amount stated.

### DEFENDANT

Signed this ____ day of _MARCh_____, 200_0_, at _MIAMI_____, Florida.

Signed and acknowledged before me:   DEFENDANT: (Signature) _H Cyrus_

WITNESS: _Howard Elliott_____   ADDRESS: _173 SW 73rd Terrace_

ADDRESS: _1674 NW 17th Ave.___   _Nac 9?te Fla.___ ZIP_33068_

_Miami Fla_____ ZIP _33125_   TELEPHONE: _954-724-9357_

### CORPORATE SURETY

Signed this ____ day of _____, 20_00_, at _____, Florida.

SURETY: _____   AGENT: (Signature)_____

ADDRESS: _____   PRINT NAME: _____

_____ ZIP _____   TELEPHONE: _____

### INDIVIDUAL SURETIES

Signed this ____ day of _____, 200_0_, at _Miami____

SURETY: (Signature) _____   SURETY: (Signature) _____

PRINT NAME: _Bennie Wilson_____   PRINT NAME: _____

RELATIONSHIP   RELATIONSHIP

   TO DEFENDANT: _uncle____   TO DEFENDANT: _____

ADDRESS: _____   ADDRESS: _____

_____ ZIP _33066_   _____ ZIP _____

TELEPHONE: _954-724-9357_   TELEPHONE: _____

### APPROVAL BY COURT

Date: _03/13/01_

_____
UNITED STATES MAGISTRATE JUDGE

DISTRIBUTION: Defendant, Assistant U.S. Attorney, Counsel, Marshal, Pretrial Services

AO82
(Rev. 4/90)

**ORIGINAL**

226747

**RECEIPT FOR PAYMENT**
**UNITED STATES DISTRICT COURT**
**for the**
**SOUTHERN DISTRICT OF FLORIDA**
at _Miami_

RECEIVED FROM _ABE A. Bailey P.A_
_18350 NW 2nd Ave_
_Miami, Fl 33169_
_USA vs Hurschel Cyrus_

Fund _65-0661432_

| | | ACCOUNT | AMOUNT |
|---|---|---|---|
| 6855XX | Deposit Funds | | 5,000.00 |
| 604700 | Registry Funds | | |
| | General and Special Funds | | |
| 508800 | Immigration Fees | | |
| 085000 | Attorney Admission Fees | | |
| 086900 | Filing Fees | TOTAL | 5,000.00 |
| 322340 | Sale of Publications | | |
| 322350 | Copy Fees | Case Number or Other Reference | |
| 322360 | Miscellaneous Fees | _01-2376-MG-Dube_ | |
| 143500 | Interest | | |
| 322380 | Recoveries of Court Costs | | |
| 322386 | Restitution to U.S. Government | | |
| 121000 | Conscience Fund | | |
| 129900 | Gifts | | |
| 504100 | Crime Victims Fund | | |
| 613300 | Unclaimed Monies | | |
| 510000 | Civil Filing Fee (½) | | |
| 510100 | Registry Fee | | |

_(10) mo Appearance Bond To be Invested_

$ Checks and drafts are accepted subject to col-
lection and full credit will only be given when the
check or draft has been accepted by the financial
institution on which it was drawn.

| DATE _03/13 20_ | Cash | Check | M.O. | Credit | DEPUTY CLERK: _Hamilt_ |
|---|---|---|---|---|---|
| | | | ✓ | | |

kbnd.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

UNITED STATES OF AMERICA
       Plaintiff,

v.

         # *012376*

     Defendant,

*HURSHEL O. Cyrus*

APPEARANCE BOND:_____
CASE NO.: *C1-2376-Dube*
*FANDSIRH*

I, the undersigned defendant and I or we, the undersigned sureties jointly and severally acknowledge that we and our personal representatives, jointly and severally, are bound to pay to the United States of America, the sum of
$ *100,000,00*    *P.S.B.*

**STANDARD CONDITIONS OF BOND**

FILED by ___ D.C.
MAG. SEC.

*MAY 13 200_*

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA.   MIAMI

The conditions of this bond are that the defendant:

    1. Shall appear before this court and at such other places as the defendant may be required to appear, in accordance with any and all orders and directions relating to the defendant's appearance in this case, including appearance for violation of a condition of the defendant's release as may be ordered or notified by this court or any other United States District Court to which the defendant may be held to answer or the cause transferred. The defendant is to abide by any judgment entered in such matter by surrendering to serve any sentence imposed and obeying any order or direction in connection with such judgment. This is a continuing bond, including any proceeding on appeal or review, which shall remain in full force and effect until such time as the court shall order otherwise.

    2. May not at any time, for any reason whatever, leave the Southern District of Florida or other District to which the case may be removed or transferred after he or she has appeared in such District pursuant to the conditions of this bond, without first obtaining written permission from the court, except that a defendant ordered removed or transferred to another district may travel to that district as required for court appearances and trial preparation upon written notice to the Clerk of this court or the court to which the case has been removed or transferred. The Southern District of Florida consists of the following counties: **Monroe, Dade, Broward, Palm Beach, Martin, St. Lucie, Indian River, Okeechobee, and Highlands**.

    3. May not change his or her present address as recorded on this bond without prior permission in writing from the court. The defendant's present address is:

*745 SW 73rd Terrace*
*Margate Fl 33068*    *(954) 724-9367*

    4. Is required to appear in court at all times as required by notice given by the court or its clerk to the address on this bond or in open court or to the address as changed by permission from the court. The defendant is required to ascertain from the Clerk of Court or defense counsel the time and place of all scheduled proceedings on the case. In no event may a defendant assume that his or her case has been dismissed unless the court has entered an order of dismissal.

    5. Shall not commit any act in violation of state or federal laws

DISTRIBUTION: Defendant, Assistant U.S. Attorney, Counsel, Marshal, Pretrial Services

DEFENDANT: _Hurshel Cyrus_

CASE NO: _01 2376_

## SPECIAL CONDITIONS OF BOND

In addition to compliance with the previously stated conditions of bond, the defendant must comply with those special conditions checked below:

_✓_ a. Surrender all passports and travel documents to the Pretrial Services Office of the Court.

_✓_ b. Report to Pretrial Services as follows: _as follows_ _____

_____

____ c. Submit to random urine testing by Pretrial Services for the use of non-physician-prescribed substances prohibited by law.

____ d. Maintain or actively seek full-time gainful employment.

____ e. Maintain or begin an educational program.

____ f. Avoid all contact with victims of or witnesses to the crimes charged.

____ g. Refrain from possessing a firearm, destructive device or other dangerous weapon.

____ h. Comply with the following curfew:_____

____ i. No co-signatories may sell, mortgage, hypothecate or dispose of real property during pendency of this case.

____ j. Comply with the following additional conditions of this bond:_____

_Curfew 10 PM - 6 AM_

_Electronic monitoring @ own expenses_

## PENALTIES AND SANCTIONS APPLICABLE TO DEFENDANT

Violation of any of the foregoing conditions of release may result in the immediate issuance of a warrant for the defendant's arrest, a revocation of release, an order of detention, as provided in 18 U.S.C. 3148, forfeiture of any bail posted, and a prosecution for contempt as provided in 18 U.S.C. 401 which could result in a possible term of imprisonment or a fine.

The commission of any offense while on pretrial release may result in an additional sentence upon conviction for such offense to a term of imprisonment of not more than ten years, if the offense is a felony; or a term of imprisonment of not more than one year, if the offense is a misdemeanor. This sentence shall be consecutive to any other sentence and must be imposed in addition to the sentence received for the offense itself.

Title 18 U.S.C. 1503 makes it a criminal offense punishable by up to five years of imprisonment and a $250,000 fine to intimidate or attempt to intimidate a witness, juror or officer of the court; 18 U.S.C. 1510 makes it a criminal offense punishable by up to five years of imprisonment and a $250,000 fine to obstruct a criminal investigation; 18 U.S.C. 1512 makes it a criminal offense punishable by up to ten years of imprisonment and a $250,000 fine to tamper with a witness, victim or informant; and 18 U.S.C. 1513 makes it a criminal offense punishable by up to ten years of imprisonment and a $250,000 fine to retaliate against a witness, victim or informant, or threaten to do so.

It is a criminal offense under 18 U.S.C. 3146, if after having been released, the defendant knowingly fails to appear as required by the conditions of release, or to surrender for the service of sentence pursuant to a court order. If the defendant was release in connection with a charge of, or while awaiting sentence, surrender for the service of a sentence, or appeal or certiorari after conviction, for:

(1) an offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years or more the defendant shall be fined not more than $250,000 or imprisoned for not more than ten years, or both;

(2) an offense punishable by imprisonment for a term of five years or more, but less than fifteen years, the defendant shall be fined not more than $250,000 or imprisoned for not more than five years, or both;

(3) any other felony, the defendant shall be fined not more than $250,000 or imprisoned not more than two years, or both;

(4) a misdemeanor, the defendant shall be fined not more than $100,000 or imprisoned not more than one year, or both.

A term of imprisonment imposed for failure to appear or surrender shall be consecutive to the sentence of imprisonment for any other offense. In addition, a failure to appear may result in the forfeiture of any bail posted, which means that the defendant will be obligated to pay the full amount of the bond, which may be enforced by all applicable laws of the United States.

DEFENDANT: _Hurschel Cyrus_

CASE NO: _01-2376_

## PENALTIES AND SANCTIONS APPLICABLE TO SURETIES

Violation by the defendant of any of the foregoing conditions of release will result in an immediate obligation by the surety or sureties to pay the full amount of the bond. Forfeiture of the bond for any breach of one or more conditions may be declared by a judicial officer of any United States District Court having cognizance of the above entitled matter at the time of such breach, and if the bond is forfeited and the forfeiture is not set aside or remitted, judgement may be entered upon motion in such United States District Court against each surety jointly and severally for the amount of the bond, together with interest and costs, and execution may be issued and payment secured as provided by the Federal Rules of Criminal Procedure and other laws of the United States.

## SIGNATURES

I have carefully read and I understand this entire appearance bond consisting of three (3) pages, or it has been read to me, and, if necessary, translated into my native language, and I know that I am obligated by law to comply with all of the terms of this bond. I promise to obey all conditions of this bond, to appear in court as required, and to surrender for service of any sentence imposed. I am aware of the penalties and sanctions outlined in this bond for violations of the terms of the bond.

If I am an agent acting for or on behalf of a corporate surety, I further represent that I am a duly authorized agent for the corporate surety and have full power to execute this bond in the amount stated.

### DEFENDANT

Signed this ___ day of _MARCH_ , 2000, at _MIAMI_ , Florida.
Signed and acknowledged before me:  DEFENDANT: (Signature) _____
WITNESS: _ABE ABADY_  ADDRESS: _173 SW 73rd Terrace_
ADDRESS: _18350 NW 2nd_  _Margate FL._ ZIP _33068_
_Miami FL_ ZIP _33164_  TELEPHONE: _954-724-9357_

### CORPORATE SURETY

Signed this ___ day of _____ , 2000 , at _____ , Florida.
SURETY: _____  AGENT: (Signature) _____
ADDRESS: _____  PRINT NAME: _____
_____ ZIP ___  TELEPHONE: _____

### INDIVIDUAL SURETIES

Signed this ___ day of _____ , 2000 , at _____
SURETY: (Signature) _____  SURETY: (Signature) _____
PRINT NAME: _____  PRINT NAME: _____
RELATIONSHIP  RELATIONSHIP
   TO DEFENDANT: _____     TO DEFENDANT: _____
ADDRESS: _____  ADDRESS: _____
_____ ZIP ___  _____ ZIP ___
TELEPHONE: _____  TELEPHONE: _____

### APPROVAL BY COURT

Date: _13 Mar 00_

_____
UNITED STATES MAGISTRATE JUDGE

DISTRIBUTION: Defendant, Assistant U.S. Attorney, Counsel, Marshal, Pretrial Services

kbnd.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

UNITED STATES OF AMERICA
      Plaintiff,

v.

      # 67033-004

      Defendant,

_Herschel_ _Cyrus_

APPEARANCE BOND: XJ 25980
CASE NO.: 01 2376 DUBE
BANDSTRA

I, the undersigned defendant and I or we, the undersigned sureties jointly and severally acknowledge that we and our personal representatives, jointly and severally, are bound to pay to the United States of America, the sum of ..
$ 50,000.00      CSB.

FILED by _____ D.C.
MAG. SEC.

MAR 13 2001

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. MIAMI

## STANDARD CONDITIONS OF BOND

The conditions of this bond are that the defendant:

    1. Shall appear before this court and at such other places as the defendant may be required to appear, in accordance with any and all orders and directions relating to the defendant's appearance in this case, including appearance for violation of a condition of the defendant's release as may be ordered or notified by this court or any other United States District Court to which the defendant may be held to answer or the cause transferred. The defendant is to abide by any judgment entered in such matter by surrendering to serve any sentence imposed and obeying any order or direction in connection with such judgment. This is a continuing bond, including any proceeding on appeal or review, which shall remain in full force and effect until such time as the court shall order otherwise.

    2. May not at any time, for any reason whatever, leave the Southern District of Florida or other District to which the case may be removed or transferred after he or she has appeared in such District pursuant to the conditions of this bond, without first obtaining written permission from the court, except that a defendant ordered removed or transferred to another district may travel to that district as required for court appearances and trial preparation upon written notice to the Clerk of this court or the court to which the case has been removed or transferred. The Southern District of Florida consists of the following counties: **Monroe, Dade, Broward, Palm Beach, Martin, St. Lucie, Indian River, Okeechobee, and Highlands**.

    3. May not change his or her present address as recorded on this bond without prior permission in writing from the court. The defendant's present address is:

_175. SW. 73 Ter  Morgate Fla 33068_
_954-724-9357_

    4. Is required to appear in court at all times as required by notice given by the court or its clerk to the address on this bond or in open court or to the address as changed by permission from the court. The defendant is required to ascertain from the Clerk of Court or defense counsel the time and place of all scheduled proceedings on the case. In no event may a defendant assume that his or her case has been dismissed unless the court has entered an order of dismissal.

    5. Shall not commit any act in violation of state or federal laws

DISTRIBUTION: Defendant, Assistant U.S. Attorney, Counsel, Marshal, Pretrial Services



DEFENDANT: _Hurschel Cyrus_

CASE NO: _01 23 76_

## SPECIAL CONDITIONS OF BOND

In addition to compliance with the previously stated conditions of bond, the defendant must comply with those special conditions checked below:

☑ a. Surrender all passports and travel documents to the Pretrial Services Office of the Court.

☑ b. Report to Pretrial Services as follows: _a/s filter_ _____

_____

___ c. Submit to random urine testing by Pretrial Services for the use of non-physician-prescribed substances prohibited by law.

___ d. Maintain or actively seek full-time gainful employment.

___ e. Maintain or begin an educational program.

___ f. Avoid all contact with victims of or witnesses to the crimes charged.

___ g. Refrain from possessing a firearm, destructive device or other dangerous weapon.

___ h. Comply with the following curfew:_____

___ i. No co-signatories may sell, mortgage, hypothecate or dispose of real property during pendency of this case.

___ j. Comply with the following additional conditions of this bond:_____
_Curfew 10 pm — 6 am_
_Electronic Monitoring @ own expenses_

## PENALTIES AND SANCTIONS APPLICABLE TO DEFENDANT

Violation of any of the foregoing conditions of release may result in the immediate issuance of a warrant for the defendant's arrest, a revocation of release, an order of detention, as provided in 18 U.S.C. 3148, forfeiture of any bail posted, and a prosecution for contempt as provided in 18 U.S.C. 401 which could result in a possible term of imprisonment or a fine.

The commission of any offense while on pretrial release may result in an additional sentence upon conviction for such offense to a term of imprisonment of not more than ten years, if the offense is a felony; or a term of imprisonment of not more than one year, if the offense is a misdemeanor. This sentence shall be consecutive to any other sentence and must be imposed in addition to the sentence received for the offense itself.

Title 18 U.S.C. 1503 makes it a criminal offense punishable by up to five years of imprisonment and a $250,000 fine to intimidate or attempt to intimidate a witness, juror or officer of the court; 18 U.S.C. 1510 makes it a criminal offense punishable by up to five years of imprisonment and a $250,000 fine to obstruct a criminal investigation; 18 U.S.C. 1512 makes it a criminal offense punishable by up to ten years of imprisonment and a $250,000 fine to tamper with a witness, victim or informant; and 18 U.S.C. 1513 makes it a criminal offense punishable by up to ten years of imprisonment and a $250,000 fine to retaliate against a witness, victim or informant, or threaten to do so.

It is a criminal offense under 18 U.S.C. 3146, if after having been released, the defendant knowingly fails to appear as required by the conditions of release, or to surrender for the service of sentence pursuant to a court order. If the defendant was release in connection with a charge of, or while awaiting sentence, surrender for the service of a sentence, or appeal or certiorari after conviction, for:

(1) an offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years or more the defendant shall be fined not more than $250,000 or imprisoned for not more than ten years, or both;

(2) an offense punishable by imprisonment for a term of five years or more, but less than fifteen years, the defendant shall be fined not more than $250,000 or imprisoned for not more than five years, or both;

(3) any other felony, the defendant shall be fined not more than $250,000 or imprisoned not more than two years, or both;

(4) a misdemeanor, the defendant shall be fined not more than $100,000 or imprisoned not more than one year, or both.

A term of imprisonment imposed for failure to appear or surrender shall be consecutive to the sentence of imprisonment for any other offense. In addition, a failure to appear may result in the forfeiture of any bail posted, which means that the defendant will be obligated to pay the full amount of the bond, which may be enforced by all applicable laws of the United States.

DEFENDANT: *Hurschel   Cyrus*

CASE NO: *01 2376*

## PENALTIES AND SANCTIONS APPLICABLE TO SURETIES

Violation by the defendant of any of the foregoing conditions of release will result in an immediate obligation by the surety or sureties to pay the full amount of the bond. Forfeiture of the bond for any breach of one or more conditions may be declared by a judicial officer of any United States District Court having cognizance of the above entitled matter at the time of such breach, and if the bond is forfeited and the forfeiture is not set aside or remitted, judgement may be entered upon motion in such United States District Court against each surety jointly and severally for the amount of the bond, together with interest and costs, and execution may be issued and payment secured as provided by the Federal Rules of Criminal Procedure and other laws of the United States.

## SIGNATURES

I have carefully read and I understand this entire appearance bond consisting of three (3) pages, or it has been read to me, and, if necessary, translated into my native language, and I know that I am obligated by law to comply with all of the terms of this bond. I promise to obey all conditions of this bond, to appear in court as required, and to surrender for service of any sentence imposed. I am aware of the penalties and sanctions outlined in this bond for violations of the terms of the bond.

If I am an agent acting for or on behalf of a corporate surety, I further represent that I am a duly authorized agent for the corporate surety and have full power to execute this bond in the amount stated.

### DEFENDANT

Signed this ____ day of ___MARCH___, 200_, at ___MIAMI___, Florida.

Signed and acknowledged before me:

WITNESS: ___Howard Elliott___   DEFENDANT: (Signature) ___H. Cyrus___

ADDRESS: ___1674 Nw 17 Ave.___   ADDRESS: 735 Nw 73rd Terrace

___Miami   Fla___ ZIP 33125   ___Margate   Fla.___ ZIP 33068

TELEPHONE: 954-724-9357

### CORPORATE SURETY

Signed this ____ day of ___March___, 200_, at ___Miami___, Florida.

SURETY: ___Best Bail Bonds___   AGENT: (Signature) _____

ADDRESS: ___1674 Nw 17 Ave___   PRINT NAME: ___Howard Elliott___

___Miami   Fla___ ZIP 33125   TELEPHONE: 305 643-1888

### INDIVIDUAL SURETIES

Signed this ____ day of _____, 2000, at _____

SURETY: (Signature) _____   SURETY: (Signature) _____

PRINT NAME: _____   PRINT NAME: _____

RELATIONSHIP   RELATIONSHIP

TO DEFENDANT: _____   TO DEFENDANT: _____

ADDRESS: _____   ADDRESS: _____

_____ ZIP _____   _____ ZIP _____

TELEPHONE: _____   TELEPHONE: _____

### APPROVAL BY COURT

Date: 03/13/01

_____
UNITED STATES MAGISTRATE JUDGE

DISTRIBUTION: Defendant, Assistant U.S. Attorney, Counsel, Marshal, Pretrial Services

**POWER OF ATTORNEY**
**ALLEGHENY CASUALTY COMPANY**
Bond Department
One Newark Center, 20th Floor, Newark, New Jersey 07102

**Power No.** XJ- **25980**

It is unlawful to print this form with written consent of home office.

**THIS POWER OF ATTORNEY NULL AND VOID UNLESS USED BEFORE 12/31/01**

KNOW ALL MEN BY THESE PRESENTS, that ALLEGHENY CASUALTY COMPANY, a corporation duly organized and existing under the laws of the State of Pennsylvania has constituted and appointed, and does hereby constitute and appoint,

its true and lawful attorney-in-fact, with full power and authority to sign the company's name and affix its corporate seal to, and deliver on its behalf as surety, any and all obligations as herein provided, and the execution of such obligations in pursuance of these presents shall be as binding upon the company as fully and to all intents and purposes as if done by the regularly elected officers of said company at its home office in their own proper person, and the said company hereby ratifies and confirms all and whatsoever its said attorney-in-fact may lawfully do and perform in the premises by virtue of those presents.

THIS POWER OF ATTORNEY IS VOID IF ALTERED OR ERASED. THE OBLIGATION OF THE COMPANY SHALL NOT EXCEED THE SUM OF

AND MAY BE EXECUTED FOR RECOGNIZANCE ON CRIMINAL BAIL BONDS ONLY

**NOT VALID FOR IMMIGRATION BONDS**

Bond Am't $ 5G,000.00   Case # 01-2376-DLf

Defendant HuKShel CyRuS

Appearance Date

Court City MIAMI   DIV CIR/CT

Court County DADE   State FLA

Offense FHLSE STATementT

Date Filed 03-13, 2001

Att'y in fact

L4 SS

*NOTICE*
STACKING OF POWER IS STRICTLY PROHIBITED! No more than one power from this Surety may be used to execute any one bond

IN WITNESS WHEREOF, ALLEGHENY CASUALTY COMPANY, by virtue of authority conferred by its Board of Directors, has caused these presents to be sealed with its corporate seal, signed by its President and attested by its Secretary, this 15th day of January, 1988.

President

Secretary

ALLEGHENY CASUALTY COMPANY
1936
PENNSYLVANIA



**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION**

**CASE NO. 01-2376-RLD**

**UNITED STATES OF AMERICA,**

   **Plaintiff,**

vs.

**HURSHEL CYRUS,**

   **Defendant.**

_____/

## DEFENDANT'S INVOCATION OF
## RIGHTS TO SILENCE AND COUNSEL

The Defendant named above does hereby invoke his rights to remain silent and to counsel with respect to any and all questioning or interrogation. regardless of the subject matter. including, but not limited to: matters that may bear on or relate to arrest, searches and seizures, bail, pretrial release or detention, evidence at trial, guilt or innocence, forfeitures; or that may be relevant to sentencing, enhanced punishments, factors applicable under the United States Sentencing Guidelines, restitution, immigration status or consequences resulting from arrest or conviction; appeals or other post-trial proceedings.

The Defendant requests that the United States Attorney ensure that this invocation of rights is honored, by forwarding a copy of it to all law enforcement agents, government officials, or

employees associated with the investigation of any matters relating to the defendant. Any contact with the Defendant must be made through the defendant's lawyer, undersigned counsel.

Respectfully submitted,

KATHLEEN M. WILLIAMS
FEDERAL PUBLIC DEFENDER

By: _____
T. Omar Malone
Assistant Federal Public Defender
Court Assigned No. A5500264
150 West Flagler Street, Suite 1700
Miami, Florida 33130-1556
Telephone: (305) 530-7000
FAX:   (305) 536-4559

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing instrument was forwarded this _____ day of March, 2001, upon United States Attorney's Office, 99 N.E. 4th Street, Miami, Florida 33132-2111.

By: _____
T. Omar Malone

F  Dominguez\MALONE\Cyrus - MTSILENC wpd

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 01-2376-DUBE'

UNITED STATES OF AMERICA,

v.

**ORDER DENYING GOVERNMENT'S
REQUEST FOR PRETRIAL DETENTION &
SETTING A BOND**

HURSHEL CYRUS

This Cause came before the Court upon motion of (the government for pretrial detention) (the defendant to set a bond).   Upon consideration, it is

**ORDERED AND ADJUDGED** as follows:

_____   The government's motion is **denied.**

_____   The defendant's motion is **granted;** bond is set at:

__✓__   Personal Surety, unsecured, in the amount of $ 100,000

__✓__   Personal Surety in the amount of  $ 50,000 with 10% posted with Clerk of Court.

_____   Personal Surety in the amount of  $_____ secured by the following collateral: _____

_____

_____   Full Cash in the amount of $_____

__✓__   Corporate Surety in the amount of $ 50,000

_____   Full Cash or Corporate Surety in the amount of $_____

In addition to the standard conditions of bond, the following special conditions are hereby imposed:

✓ SURRENDER ALL PASSPORTS & TRAVEL DOCUMENTS TO PRETRIAL SERVICES.

✓ REPORT TO PRETRIAL SERVICES AS FOLLOWS:      WEEKLY IN PERSON;      WEEKLY BY PHONE. (as directed)

__ MAINTAIN PRESENT RESIDENCE.

__ TRAVEL RESTRICTED TO THE SOUTHERN DISTRICT OF FLORIDA.

✓ CURFEW IMPOSED 7 DAYS A WEEK FROM 10 P.M. TO 6 A.M.

__ SUBMIT TO RANDOM URINE TESTING BY PRETRIAL SERVICES FOR THE USE OF NON-PHYSICIAN-PRESCRIBED SUBSTANCES PROHIBITED BY LAW.

__ MAINTAIN OR ACTIVELY SEEK FULL-TIME EMPLOYMENT.

__ MAINTAIN OR BEGIN AN EDUCATIONAL PROGRAM.

__ AVOID ALL CONTACT WITH VICTIMS OF OR WITNESSES TO THE CRIMES CHARGED.

__ STAY AWAY FROM COMMERCIAL TRANSPORTATION FACILITIES, MARINAS, BUS TERMINALS AND AIRPORTS.

__ REFRAIN FROM POSSESSING A FIREARM, DESTRUCTIVE DEVICE OR OTHER DANGEROUS WEAPON.

__ COSIGNERS ARE NOT TO FURTHER ENCUMBER PROPERTY DURING PENDENCY OF CASE.

✓ COMPLY WITH THE FOLLOWING ADDITIONAL SPECIAL CONDITIONS OF THIS BOND: to be signed

by girlfriend / Elec mon to be paid for by deft

If bond is changed from that set in another District, the reason pursuant to Rule 40(f) is: _____

**DONE AND ORDERED** at Miami, Florida this 9th day of MARCH 2001.

TAPE NO. 01A- 12-12-1689

c:AUSA, Defense Counsel,
Pretrial Services, US Marshal

PETER R. PALERMO
UNITED STATES MAGISTRATE JUDGE

FILED by _____ D.C.
MAG. SEC.
MAR 9 - 2001
CLERK U.S. DIST. CT.
MADDOX
FLA. MIAMI

koia.

UNITED STATES OF AMERICA

Plaintiff,

v.

HURSHEL O. CYRUS
     Defendant.

_____/

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
CASE NO. 01-2376-Dube

**ORDER ON INITIAL APPEARANCE**
Language ___ENGLISH_____
Tape No. 01H- 11 - 1206
AUSA Paine Martney
Agent USSS- N. BRIGHT_____
(305) 597-6101

DOB: 3-10-70          Reg# 67033-004

The above-named defendant having been arrested on ___3-6-01___ having appeared before the court for initial appearance on ___3-7-01___ and proceedings having been held in accordance with **F.R.C.P. 5 or 40(a)**, it is thereupon **ORDERED** as follows:

1. _____ appeared as permanent/temporary counsel of record.
Address:_____
Zip Code: _____ Telephone: _____
2. AFPD _____ appointed as permanent counsel of record.
Address:_____
Zip Code: _____ Telephone: _____
3. The defendant shall attempt to retain counsel and shall appear before the court at 10:00 A.M. on _____ 3/21__, 2001.
4. Arraignment/Preliminary/Removal/Identity hearing is set for 10am 3/21__, 2001.
5. The defendant is held in temporary pretrial detention pursuant to 18 U.S.C. Section 3142 (d) or (f) because _____
A detention hearing, pursuant to 18 U.S.C. Section 3142(f), is set for 10am 3/9__, 2001.
6. The defendant shall be release from custody upon the posting of the following type of appearance bond, pursuant to 18 U.S.C. Section 3142:

_____

This bond shall contain the standard conditions of bond printed in the bond form of this Court and, in addition, the defendant must comply with the special conditions checked below:
___a. Surrender all passports and travel document to the Pretrial Services Office.
___b. Report to Pretrial Services as follows:___times a week by phone, ___time a week in person;

    other: _____
c. Submit to random urine testing by Pretrial Services for the use of non-physician-prescribed substances prohibited by law.
___d. Maintain or actively seek full time gainful employment.



## HURSHEL CYRUS

___e. Maintain or begin an educational program.
___f. Avoid all contact with victims of or witnesses to the crimes charged.
___g. Refrain from possessing a firearm, destructive device or other dangerous weapon.
___h. Comply with the following curfew: _____
___i. Avoid all commercial transportation facilities; no airports, no marinas, no bus terminals.
___j. Comply with the following additional special conditions of this bond:

_____

_____

This bond was set: At Arrest _____
　　　　　　　　　　On Warrant _____
　　　　　　　　　　After Hearing _____

　　　If bond is changed from that set in another District, the reason pursuant to Rule 40(f) is ___

_____

_____

_____ If this space is checked, an evidentiary hearing pursuant to United States v. Nebbia, 357, F.2d 303 (2 Cir. 1966) shall be held prior to the posting of the bond.  Such hearing shall be scheduled promptly upon notification to the court that the defendant is ready to post bond.

7. The defendant has been advised by the court that if he or she is released on bond pursuant to the conditions set forth herein or those later ordered by the court, the defendant is subject to arrest and revocation of release and to various civil and criminal sanctions for any violation of those conditions.  These various sanctions and penalties are set forth more fully in the Appearance Bond itself.

8. The defendant is committed to the custody of the United States Marshal until an appearance bond has been executed in accordance with this or subsequent court order.

　　**DONE AND ORDERED** at Miami, Florida, this__7th___ day of __MARCH_____ 2001 .

_____
UNITED STATES MAGISTRATE JUDGE
**ROBERT L. DUBE'**

c: Assistant U.S. Attorney
　Defendant
　Counsel
　U.S. Marshal
　Pretrial Services/Probation

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO. _Cl-2376-RLD_

**UNITED STATES OF AMERICA**

**v.**

**HURSHEL CYRUS**

_____/

**CRIMINAL COVER SHEET**

1.   Did this case originate from a matter pending in the United States Attorney's Office prior to April 1, 1999?   ___ Yes   _X_ No

2.   Did this case originate from a matter pending in the Central Region of the United States Attorney's Office prior to April 1, 1999?   ___Yes   _X_ No

Respectfully submitted,

GUY A. LEWIS
UNITED STATES ATTORNEY

BY: _____
/BARBARA M. WRIGHT
ASSISTANT UNITED STATES ATTORNEY
Court No. A5500536
99 N. E. 4th Street
Miami, Florida   33132-2111
(305) 961-9146 Telephone
(305) 530-7976 Fax

N:\vsimmons\Duty\complaint cover.wpd

AO 91 (Rev. 5/85) Criminal Complaint   AUS* WRIGHT

# United States District Court

SOUTHERN _____ DISTRICT OF _____ FLORIDA

UNITED STATES OF AMERICA

v.

HURSHEL CYRUS

## CRIMINAL COMPLAINT

CASE NUMBER: 01-2376-KU)

I, the undersigned complainant, being duly sworn, state the following is true and correct to the best of my knowledge and belief. On or about March 6, 2001, while attempting to leave the United States at Miami International Airport, in Miami-Dade County, in the Southern District of Florida to Kingston, Jamaica the defendant did knowingly and intentionally transport and attempt to transport, currency and monetary instruments of more than $10,000.00 from a place in the United States to or through a place outside the United States, that is, approximately one hundred thirty seven thousand one hundred fifty-seven  dollars ($137,157.00 ), in United States currency, without filing and causing the failure to file a report prescribed by the Secretary of the Treasury to be filed, that is, United States Customs forms 4790 and 503, Report of International Transportation of Currency or Monetary Instruments; and did, in a matter within the jurisdiction of the United States, knowingly and willfully make false statements as to a material fact to an inspector of the United States Customs Service. In violation of Title 31, United States Code, Section 5316(a)(1)(A); and Title 18, United States Code, Section 1001.

I further state that I am a Special Agent and that this complaint is based on the following facts:

SEE ATTACHED AFFIDAVIT

_____
Signature of Complainant
JEAN WILKINSON, SPECIAL AGENT
UNITED STATES CUSTOMS SERVICE
MARCH 7, 2001

Sworn to before me, and subscribed in my presence,

MARCH 7, 2001 _____
Date

at  Miami, Florida _____
City and State

ROBERT L. DUBÈ
UNITED STATES MAGISTRATE JUDGE
Name and Title of Judicial Officer

_____
Signature of Judicial Officer

## **AFFIDAVIT**

I, Jean Wilkinson, being duly sworn, do hereby depose and state as follows:

1.  I am employed as a Special Agent with the United States Customs Service ("Customs"), United States Department of the Treasury, Miami, Florida, and have been so employed since 1987.  I am assigned to the Financial Investigations Division, more commonly known as "Operation Buckstop," located in Miami, Florida.  The following information is based upon my personal knowledge and that of my fellow agents, police officers and Customs Inspectors.  This affidavit is provided for the sole purpose of establishing probable cause in this matter.  It does not contain each and every fact that occurred during this incident.

2.  On March 6, 2001, at approximately 6:00 p.m., U.S. Customs Inspectors stopped Hurshel CYRUS (hereinafter referred to as the defendant), based on the fact that he appeared to have something concealed underneath his clothing.  The defendant's common law spouse Dennise WILSON and her two minor children, were later determined to be traveling with him and was retrieved from the aircraft.  The defendant and WILSON were both detained as they attempted to depart the U.S. on Air Jamaica Airlines Flight #024 destined to travel from Miami, Florida, to Kingston, Jamaica. U.S. Customs Inspectors requested to see the defendant's passport and airline ticket.  After checking the defendant's passport and ticket, the defendant was provided a copy of Customs modified publication CP-503B (in English) and advised orally of the United

States currency reporting laws regarding currency and monetary instruments reports.

3. After confirming that he understood the reporting requirements, the defendant completed the Customs modified publication CP-503B stating that he had fifteen hundred dollars ($1500.00) in United States currency. The defendant when asked by Customs Inspectors reluctantly admitted he had U.S. currency concealed underneath his clothing.

4. A search of the defendant's person led to the seizure of approximately sixty four thousand five hundred dollars ($64,511.00) in United States currency. The money was secreted in packages underneath a girdle the defendant was wearing.

5. An intensive examination of her person and luggage revealed that WILSON was transporting $72,646.00, mostly on her person concealed underneath her clothing. The total amount of U.S. currency transported and seized from CYRUS and WILSON was $137,157.00.

6. Subsequent to being advised of his _Miranda_ rights and waiving the same, the defendant admitted that he transported this currency undeclared when he entered the U.S. the previous week. Defendant further stated that when he was departing the U.S., he split the money between WILSON and himself and that he was attempting to evade the reporting requirements when stopped by U.S. Customs. WILSON stated that CYRUS gave her the money to transport and that when they entered the U.S. they were not transporting this large quantity of U.S. currency. WILSON also stated that the money

was not hers, that she did not know the exact origins of the money but believed the money was the proceeds of "suspicious" activities.

FURTHER AFFIANT SAYETH NAUGHT.


JEAN WILKINSON, SPECIAL AGENT
UNITED STATES CUSTOMS SERVICE


Sworn to and Subscribed before me
this 7th day of March 2001.


ROBERT L. DUBE
UNITED STATES MAGISTRATE

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA )  CASE NUMBER: CR 01-2376
        Plaintiff )  DUbO?
            )
    -vs- )  REPORT COMMENCING CRIMINAL
            )  ACTION
CYRUS, HARSHEL O )  67-33-004
       Defendant

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

TO: CLERK'S OFFICE    (MIAMI)    FT. LAUDERDALE     W. PALM BEACH
      U.S. DISTRICT COURT                    (circle one)

NOTE: CIRCLE APPROPRIATE LOCATION FOR APPEARANCE IN MAGISTRATES
        COURT ABOVE.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

COMPLETE ALL ITEMS. INFORMATION NOT APPLICABLE ENTER N/A.

(1)    DATE AND TIME OF ARREST: 3-6-2001 _____ a.m.(p.m.)

(2)    LANGUAGE(S) SPOKEN: ENGLISH _____

(3)    OFFENSE(S) CHARGED: 18 USC 1001 False Statement
                            31 USC 5316 Failure To File ACMIR

(4)    UNITED STATES CITIZEN:    ( )YES    (X)NO    ( )UNKNOWN

(5)    DATE OF BIRTH: 3-10-70 _____

(6)    TYPE OF CHARGING DOCUMENT:    (CHECK ONE)
        [ ] INDICTMENT     [X] COMPLAINT     CASE #_____
        [ ] BENCH WARRANT FOR FAILURE TO APPEAR
        [ ] PAROLE VIOLATION WARRANT
        ORIGINATING DISTRICT: _____
        COPY OF WARRANT LEFT WITH BOOKING OFFICER?   [ ]YES   [ ]NO

AMOUNT OF BOND:$ PTD _____ WHO SET BOND? Dube'

(7)    REMARKS: _____

(8)    DATE: 3-6-2001    (9) ARRESTING OFFICER N WRIGHT
                                  305-970-3457

(10)   AGENCY M.S.C.S.    (11) PHONE # (305) 597-6101

(12)   COMMENTS _____